**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
)
v. ) I.D. No. 1708021304
)
DARON J. ROGERS (a.k.a. RODGERS), )
)
Defendant. )

Submitted: March 5, 2019
Decided: May 15, 2019

*Upon Defendant's Motion for Postconviction Relief*
**SUMMARILY DISMISSED**

*Upon Defendant's Request for Appointment of Postconviction Counsel*
**DENIED**

## ORDER

Upon consideration of the Motion for Postconviction Relief ("PCR Motion") filed by Defendant DaRon J. Rogers (a.k.a. "Rodgers") ("Defendant"); Rule 61 of the Superior Court Criminal Rules of Procedure ("Rule 61"); the facts, arguments, and legal authorities set forth by Defendant; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.      On August 29, 2017, Defendant was arrested. On November 13, 2017, a grand jury issued an indictment for Drug Dealing, Aggravated Possession, Endangering the Welfare of a Child, and Possession of Drug Paraphernalia.

2. On October 11, 2018, Defendant pled guilty to Tier 4 Drug Dealing, a Class B Felony.[1]

3. Upon motion by the State, the Court declared Defendant a habitual offender by Order dated February 8, 2019.

4. By Order dated February 8, 2019, effective July 25, 2018, Defendant was sentenced as a habitual offender to 20 years at Level V with credit for 7 days previously served, suspended after 15 years for 5 years at supervision Level IV, suspended after 6 months for 18 months at supervision Level III ("February 8, 2019 Sentencing Order").

5. On March 5, 2019, Defendant filed this first timely PCR Motion.[2] Defendant also requests this Court to appoint postconviction counsel.

6. Defendant is challenging the February 8, 2019 Sentencing Order on the grounds that Defendant was denied the right to effective assistance of counsel in that he claims that his plea was not voluntary.

7. Postconviction relief is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final."[3]

---

[1] 16 *Del. C.* § 4752(1).

[2] Accordingly, the April 6, 2017 version of Rule 61 applies. *See Washington v. State*, 2014 WL 4243590, at *2 (Del. Aug. 26, 2014) (applying the version of Rule 61 in effect when the defendant originally filed his postconviction motion).

[3] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).

8. To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before addressing the merits of the motion.[4] Rule 61(i)(1) bars a motion for postconviction relief that is filed more than one year from a final judgment of conviction.[5] This bar is inapplicable as Defendant's PCR Motion is timely. Rule 61(i)(2) bars successive motions for postconviction relief.[6] This bar is inapplicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the postconviction motion includes claims that were not asserted in prior proceedings leading to the final judgment, unless the movant shows cause for relief from the procedural bars and prejudice from a violation of the movant's rights.[7] Moreover, Rule 61(i)(4) bars relief if the postconviction motion includes grounds for relief formerly adjudicated in any proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding.[8] Rule 61(i)(3) and 61(i)(4) are inapplicable because Defendant's claims for ineffective assistance of counsel could not have been raised in the proceedings leading to the judgment of conviction or on direct appeal.[9] The

---

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[5] Super. Ct. Crim. R. 61(i)(1).
[6] Super. Ct. Crim. R. 61(i)(2).
[7] Super. Ct. Crim. R. 61(i)(3).
[8] Super. Ct. Crim. R. 61(i)(4).
[9] *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-

procedural requirements of Rule 61(i) are satisfied. Accordingly, the Court will address Defendant's PCR Motion on the merits.

9. The standard used to evaluate claims of ineffective counsel is the two-prong test articulated by the United States Supreme Court *in Strickland v. Washington*,[10] as adopted in Delaware.[11] Under *Strickland*, Defendant must show that (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[12] Failure to prove either prong will render the claim insufficient.[13] The Court shall dismiss entirely conclusory allegations of ineffective assistance.[14] The movant must provide concrete allegations of prejudice, including specifying the nature of the prejudice and the adverse effects actually suffered.[15]

10. With respect to the first prong–the performance prong–the movant must overcome the strong presumption that counsel's conduct was professionally

---

settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[10] 466 U.S. 668 (1984).
[11] *Albury v. State*, 551 A.2d 53 (Del. 1988).
[12] *Strickland*, 466 U.S. at 687.
[13] *Id.* at 688; *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).
[14] *Younger*, 580 A.2d at 555; *Jordan v. State*, 1994 WL 466142, at *1 (Del. Aug. 25, 1994).
[15] *Strickland*, 466 U.S. at 692; *Dawson*, 673 A.2d at 1196.

reasonable.[16] To satisfy the performance prong, Defendant must assert specific allegations establishing that counsel acted unreasonably as viewed against "prevailing professional norms."[17] With respect to the second prong–the prejudice prong–Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[18]

11.    Defendant contends that he received ineffective assistance of counsel in connection with Defendant's guilty plea. Specifically, Defendant asserts that his guilty plea was involuntary and that defense counsel failed to advise Defendant of the mandatory minimum and maximum penalties provided by law.

12.    Defendant also contends that defense counsel's advice to waive Defendant's preliminary hearing and failure to file a motion to suppress challenging the stop and seizure of Defendant constituted ineffective assistance of counsel.

13.    The sentence in this case was imposed pursuant to a Plea Agreement between the State and Defendant and signed by Defendant. Defendant also signed a Truth-in-Sentencing Guilty Plea Form. Pursuant to Rule 11(c)(1) of the Superior Court Criminal Rules, the Court addressed Defendant personally in open court prior

---

[16] *Strickland*, 466 U.S. at 687–88.
[17] *Id.* at 688; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996) ("Mere allegations of ineffectiveness will not suffice.").
[18] *Ploof v. State*, 75 A.3d 811, 821 (Del. 2013) (quoting *Strickland*, 466 U.S. at 694).

5

to Defendant's sentencing. The Court determined that Defendant understood the nature of the charges to which the plea was offered, including the mandatory minimum and maximum penalties provided by law. Defendant confirmed that his plea was voluntary, and not the result of force, threats, or promises apart from the plea agreement. Defendant acknowledged to the Court that he discussed his case fully with Defense Counsel and was satisfied with Defense Counsel's representation. The Court accepted Defendant's guilty plea as knowing, intelligent, and voluntary.

14. A defendant's statements to the Court during a plea colloquy are presumed to be truthful,[19] and pose a "formidable barrier in any subsequent collateral proceedings."[20] It is well-settled that in the absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and by his representations on the Truth-in-Sentencing Guilty Plea Form.[21] When a defendant enters a guilty plea knowingly and voluntarily, he gives up his trial rights, including the right to challenge the evidence against him.[22] Moreover, a knowing

---

[19] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997) (citing *Bramlett v. A.L. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989)).

[20] *Somerville*, 703 A.2d at 632 (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)).

[21] *Colburn v. State*, 2016 WL 5845778, at *2 (Del. Oct. 5, 2016) (citing *Somerville*, 703 A.2d at 632); *Harmon v. State*, 2016 WL 4710006, at *3 (Del. Sept. 8, 2016); *Grayson v. State*, 2016 WL 2935027, at *3 (Del. May 16, 2016); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016).

[22] *State v. Foster*, 2001 WL 1628310, at * 1 (Del. Super. June 5, 2001), *aff'd, Foster v. State*, 2002 WL 122630 (Del. Jan. 22, 2002).

and voluntary guilty plea waives any objection to alleged errors and defects that occur before entry of the plea,[23] even those of a constitutional dimension.[24]

15. Defendant's assertions regarding his plea are conclusory and lack any factual support or citation to the record. Moreover, counsel's assistance was not ineffective for advising Defendant to waive his preliminary hearing or failing to file a motion to suppress. Accordingly, Defendant's PCR Motion fails to overcome the formidable barrier of Defendant's statements during his guilty plea colloquy and on the Truth-in-Sentencing Guilty Plea Form, and fails to demonstrate ineffective assistance of counsel under the *Strickland* standard.

16. This Court's examination of Defendant's PCR Motion plainly indicates that Defendant is not entitled to the requested relief. Accordingly, summary dismissal is appropriate.[25]

---

[23] *Muldrow v. State*, 2016 WL 4446610, at *2 (Del. Aug. 23, 2016); *Hobbs v. State*, 2016 WL 3751838, at *2 (Del. July 5, 2016); *Foote v. State*, 2012 WL 562791, at *1 (Del. Feb. 21, 2012); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312 (Del. 1988).

[24] *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015); *Wilson v. State*, 2010 WL 572114 (Del. Feb. 18, 2010); *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)).

[25] *See Super. Ct.* Crim. R. 61(d)(5).

17.    Rule 61(e) governs the appointment of counsel in postconviction proceedings. The Court has discretion[26] to appoint counsel for a first timely postconviction motion in a guilty plea case under Rule 61(e)(3) if:

> (i)     the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable;
>
> (ii)    the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere;
>
> (iii)   granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and
>
> (iv)    specific exceptional circumstances warrant the appointment of counsel.[27]

18.    For the reasons previously set forth, this Court does not find that Defendant's PCR Motion raises a substantial claim that Defendant received ineffective assistance of counsel in relation to his guilty plea,[28] or that specific exceptional circumstances warrant the appointment of postconviction counsel.[29] Accordingly, Defendant fails to satisfy the requirements of Rule 61(e)(3).

---

[26] *See* Super. Ct. Crim. R. 61(e)(3). "The appointment of counsel under Superior Court Criminal Rule [61(e)(3)] is discretionary." *State v. Carpenter*, 2016 WL 3960290, at *2 (Del. Super. July 21, 2016).

[27] Super. Ct. Crim. R. 61(e)(3).

[28] Super. Ct. Crim. R. 61(e)(3)(ii).

[29] Super. Ct. Crim. R. 61(e)(3)(iv).

**NOW, THEREFORE**, this 15th day of May, 2019, Defendant's Motion for Postconviction Relief is hereby **SUMMARILY DISMISSED**, and Defendant's request for appointment of postconviction counsel is hereby **DENIED**.

**IT IS SO ORDERED.**

_____

The Honorable Andrea L. Rocanelli

cc:   Criminal Prothonotary
DaRon J. Rogers (SBI #328265)

9